UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-cr-00055-JAW |
| | ) | 1:12-cr-00083-JAW |
| | ) | |
| MAURICE MCCRAY | ) | |

**ORDER ON MOTION TO REDUCE SENTENCE**

On November 18, 2014, the Court sentenced Maurice McCray to concurrent terms of one hundred and eighty-eight months of incarceration, six years of supervised release, no fine, and $200 in special assessments. No.1:12-cr-55-JAW, *J.* (ECF No. 75) & 1:12-cr-00083-JAW, *J.* (ECF No. 1072). On October 16, 2023, Mr. McCray filed a pro se motion to reduce his sentences in both cases on the ground that he is entitled to the benefit of Section 404 of the United States Sentencing Guidelines, which the Court has interpreted as a request for reduction under Amendment 821 of the Guidelines. *Mot. for Reduction of Sentence Pursuant to Section 404 of the Sentencing Guidelines 2023* No.1:12-cr-55-JAW, *J.* (ECF No. 93) & 1:12-cr-00083-JAW, *J.* (ECF No. 1238) (*McCray Mot.*). On November 2, 2023, the United States Probation Office reviewed Mr. McCray's motion and determined that he is not eligible for a sentencing reduction under Amendment 821. *Report Pursuant to Am. 821 to the United States Sentencing Guidelines for <u>Ineligible</u> Def.* (ECF No. 1240) (emphasis in original).

The Court is issuing this brief order to explain to Mr. McCray why the Court is denying his motion to reduce sentence.

As an initial matter, the Probation Officer notes that Mr. McCray claims relief under section 404 of the 2023 Sentencing Guidelines. Like the Probation Officer, the Court is not certain about Mr. McCray's reference to section 404 of the Guidelines since there is no such section. The Probation Officer assumed, as does the Court, that Mr. McCray's reference to the "significant change in the Sentencing Guidelines" must be to Amendment 821, the amendment most likely to have occasioned Mr. McCray's motion. *See McCray Mot.* at 1. If the Probation Office and the Court are incorrect and Mr. McCray wishes to proceed with a section 404 motion, he may file a new motion explaining what section 404 is and why he is entitled to relief under that provision. For now, the Court turns to considering a motion to reduce sentence under Amendment 821.

At his November 19, 2014 sentencing hearing, the Court made its guideline calculations and determined that for both offenses, Mr. McCray's adjusted total offense level was 33 and his criminal history category was Category VI, resulting in a guideline sentence of 235 to 293 months, six years of supervised release, a fine from $17,500 to $10,000,000.00, and a $100 special assessment per count. *Statement of Reasons*, No.1:12-cr-55-JAW, *J.* (ECF No. 76) & 1:12-cr-00083-JAW (ECF No. 1073). Mr. McCray's criminal history category of VI was based on a total of 27 criminal history points, calculated based on his prior convictions and included a two-level increase for having committed the new offenses while being under a criminal justice sentence. *See Presentence Investigation Report* ¶ 61, No.1:12-cr-55-JAW (ECF No. 76) & 1:12-cr-00083-JAW (ECF No. 1240) (*PSR*). As any defendant with thirteen or more

criminal history points would fall within Category VI, Mr. McCray's criminal history score was well above the threshold number for Category VI.

The only possible part of Amendment 821 that could apply to Mr. McCray is United States Sentencing Guideline § 4A1.1(e). This provision changes the number of points added to a defendant's criminal history score if the defendant, like Mr. McCray, committed the new offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). When Mr. McCray was sentenced in 2014, the Guidelines provided for a two-point increase under § 4A1.1(e) and the amended version of the Guidelines now provides for a one-point increase. However, as Mr. McCray had a criminal history score of 27, even if the new amendment applied to him and resulted in a reduced total criminal history score of 26, a score of 26 would still be far above the triggering point of 13 for a criminal history category VI. As a result, his guideline sentence range would be the same.

Under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Because the recalculation of Mr. McCray's criminal history score from 27 to 26 does not affect his criminal history category and his guideline sentence, the Court is not authorized to reduce his term of incarceration. Therefore, Mr. McCray is not entitled to a reduction of the term of incarceration.

The Court DISMISSES without prejudice Maurice McCray's Motion for Reduction of Sentence Pursuant to Section 404 of the Sentencing Guidelines 2023, No.1:12-cr-55-JAW, *J.* (ECF No. 93) & 1:12-cr-00083-JAW.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 1st day of December, 2023